# CHARLESTON

## STATE *v.* RAILROAD CO.

Submitted January 15, 1907, Decided March 27, 1907.

RAILROADS—*Station Accommodations—Evidence.*

> Where upon the trial of an indictment against a railroad company for violation of section 2382, Code of 1906, in failing to keep at a particular station on its line a suitable water-closet, the evidence shows that a small water-closet was kept by the defendant, but fails to disclose conditions and circumstances from which the jury could determine that it was, for any reason, unsuitable, the judgment will be reversed, the verdict set aside and a new trial awarded. (p. 634.)

Error to Circuit Court, Barbour County.

The Baltimore & Ohio Railroad Company was convicted of failing to provide proper station accommodations, and brings error.

*Reversed. Remanded.*

FRED O. BLUE, for plaintiff in error.

CLARKE W. MAY, Attorney General, for the State.

McWHORTER, JUDGE:

This was an indictment against the Baltimore & Ohio Railroad Company for violation of section 2382, Code 1906, where it is provided: "That any company or person operating a railroad in this State are required at all stations to provide and keep, for the accommodation of travelers, suitable water-closets, * * * For every violation of any of the provisions of this act, the said company or persons shall be liable to a fine of ten dollars." The indictment charges the said railroad company with unlawfully failing to provide such water-closets at its station in the town of Belington, Barbour county. A motion was made to quash the indictment but no reasons were assigned to sustain such motion and, the indictment appearing to be sufficient, the motion was properly overruled. Plaintiff entered its plea of not guilty and on the 14th day of February, 1906, a jury was empanelled and having heard the evidence adduced for the state as well as for the defendant returned a verdict of guilty against the defendant as charged in the indictment. The

defendant, by counsel, moved to set aside the verdict of the jury and grant a new trial, upon which motion the court took time to consider.  Afterwards, on the 20th of February, 1906, the court overruled the motion to set aside the verdict and rendered judgment upon said verdict, to which ruling and action of the court defendant excepted.  The defendant tendered a bill of exceptions setting forth all the evidence in the case which was signed, sealed and made a part of the record.

The only error assigned in the case was in overruling the motion to set aside the verdict of the jury.  It appears from the evidence that the defendant had provided a small building, about 6 by 8 feet square, some 200 or 300 feet away from the station with but one apartment for all travelers, both male and female, who might need to use the same.  This building contained a stool with two seats, was kept clean and locked up and the key kept in the office of the agent to be had by travelers who might have occasion to use the closet by asking the agent for it.  Whether this is suitable accommodation of the kind contemplated and required by the statute depends upon the circumstances of the case and these circumstances cannot be gathered from the evidence in this record.  There is evidence tending to show that the station at Belington is one of considerable importance, as three railroads enter that town, to-wit:  Baltimore & Ohio, Western Maryland, and the Coal & Coke.  Whether these roads have a common or union station does not appear, and there is nothing shown in regard to the population of the town of Belington, except the admission of counsel for defendant that it was a town of more than three hundred inhabitants.  Nor does the extent of the travel over defendant's road to and from said station appear.  Where such travel is at all considerable, it would seem that in order to be a reasonable compliance with the statute, according to the evident intention of the legislature, the defendant should provide at such stations reasonably good and convenient water-closets with two apartments, one for men and one for women, properly marked or designated accordingly.

We find no authorities under similar statutes which throw any light upon the question involved.  A common-sense construction of the statute, in view of the social conditions of

the country is the true and reasonable method of arriving at the intention of the legislature in enacting the law. The evidence is not deemed sufficient to support the verdict; therefore the judgment is reversed and the cause remanded for a new trial to be had therein.

*Reversed. Remanded.*